# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PERRY CUMMINGS,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES PALMER, CORY TURNER, BRAD WITTROCK, AND MARY BENSON,<br><br>    Defendants. | No. C17-4010-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT** |

_____

## I. INTRODUCTION

This case is before me on defendants' motion (Doc. No. 14) for summary judgment. Plaintiff Perry Cummings has filed a resistance (Doc. No. 19). I find that oral argument is not necessary. *See* N.D. Ia. L. R. 7 (c).

## II. PROCEDURAL HISTORY

Cummings commenced this action by filing an application (Doc. No. 1) to proceed in forma pauperis, a proposed pro se complaint (Doc. No. 1-1) pursuant to 42 U.S.C. § 1983 and a pro se motion (Doc. No. 2) to appoint counsel. On April 27, 2017, I filed an initial review order (Doc. No. 3) in which I granted Cummings' request to proceed in forma pauperis and directed the Clerk of Court to file the pro se complaint. I reserved ruling on Cummings' motion to appoint counsel.[1]

As for the merits of Cummings' complaint, which asserts a constitutional violation arising from allegations that the defendants were deliberately indifferent to his need for

---

[1] Cummings renewed his motion to appoint counsel on June 1, 2107. Doc. No. 12. I denied his request to appoint counsel in an order (Doc. No. 20) filed September 29, 2017.

dentures, I determined that Cummings "alleged a plausible claim for relief." *Id*. at 5. On May 9, 2017, defendants filed an answer (Doc. No. 8) denying Cummings' claims and asserting various immunities. Defendants then filed their motion for summary judgment on June 19, 2017.

### III. RELEVANT FACTS

In his resistance to defendants' motion for summary judgment, Cummings does not respond separately to defendants' statement of material undisputed facts. *See* Doc. No. 19. "[A] failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact." *See* N.D. Ia. L. R. 56(b); *see also* Fed. R. Civ. P. 56(e). Therefore, I will treat as admitted all of the facts set forth in defendants' statement. Doc. No. 14-1. Thus, the following facts are undisputed.

Cummings is a patient at the Civil Commitment Unit for Sexual Offenders (CCUSO) in Cherokee, Iowa, having been committed in October 2014. Doc. No. 14-3 at 6. The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses."[2] Jerry Foxhoven is the Director of the Iowa Department of Human Services, which operates CCUSO.[3] Cory Turner is the superintendent of CCUSO. Doc. No. 8 at ¶ 4. Brad Wittrock is the deputy superintendent of CCUSO and Mary Benson formerly worked at CCUSO as an ARNP. *Id*. at ¶¶ 5-6. Cummings contends he has received constitutionally deficient medical care because the defendants have refused to provide him with dentures. He alleges that

---

[2] *Civil Commitment Unit for Sexual Offenders*, Iowa Department of Human Resources, hhtp://dhs.iowa.gov/mhds/mental/in-patient/ccuso (January 9, 2017).

[3] Foxhoven is substituted for his predecessor, Charles M. Palmer, in accordance with Federal Rule of Civil Procedure 25(d). Cummings does not make any claims against Palmer in his individual capacity. Doc. No. 14-3 at 23-25.

2

Foxhoven, Turner and Wittrock are responsible because of their supervisory or policy making roles, and that Benson is responsible because she is in charge of making dentist appointments and decides whether dentures are medically necessary. Doc. No. 4 at 4-5.

CCUSO has a written policy on dental care, which states:

> Dental care for patients is provided by a dentist selected by CCUSO. CCUSO patients should complete a CCUSO Health Services Request form to request all dental care appointments via Health Services.
>
> CCUSO will be responsible for the cost of the dental exam and any dentist recommended plan of care to include x-ray(s), filling of cavity(s), and/or tooth extraction(s). ***NOTE:*** *If the patient desires elective dental services including but not limited to additional x-ray(s), teeth cleaning, crown(s), cosmetic procedure(s), and/or new or replacement dentures, the patient will be responsible for all associated costs with the elective dental services. The costs for elective dental services must be paid in full, prior to Health Services scheduling elective dental services and/or ordering any related items.*
>
> The following will apply to any patients requesting new or replacement dentures:
>
> Any patient who believes he may be in need of dentures is to contact Health Services and request an evaluation with the dentist selected by CCUSO. If the dentist's evaluation indicates a serious medical need for dentures, a referral will be made to a denture provider selected by CCUSO. ***NOTE:*** *Patients without a serious medical need for dentures may elect to receive dentures but will be responsible for all associated costs that must be paid in full, prior to Health Services scheduling elective dental services and/or ordering any related items.*

Doc. No. 14-3 at 60 (emphasis in original).

Cummings has no teeth. The teeth he had upon admission to CCUSO were removed by Tim DeStigter, D.D.S. *Id.* at 13, 36-37, 40. On June 2, 2016, Cummings was noted to have a fractured tooth and a periodontal abscess, resulting in the removal of two teeth. *Id.* at 40. During a November 30, 2016, appointment, six teeth were

3

removed due to periodontal disease and sensitivity. *Id.* at 37. Dr. DeStigter explained alternatives to extractions and dentures; however, Cummings elected to proceed with the extractions and had his remaining six teeth removed on December 20, 2016. *Id.* at 36.

On January 9, 2017, Dr. DeStigter performed a consultation and evaluation of Cummings' need for dentures. *Id.* at 33. He noted that Cummings was healing as well as could be expected and was a candidate for dentures. *Id.* However, he concluded that Cummings did not present a serious medical need for dentures. *Id.* Dr. DeStigter testified that he would look for drastic weight loss to determine whether a patient had a serious medical need for dentures. *Id.* at 43. Medical staff at CCUSO indicate that Cummings has not requested dental care from the time he was evaluated for dentures in January. Doc. No. 17-1 at 4. On July 10, 2017, Cathy Robinson, ARNP, performed an examination of Cummings gums for sores and scrapes. *Id.* at 3. She noted that "patient gums and oral cavity are intact, pink, and without erythema, swelling, open areas, or bleeding. There is no erythema noted throughout the oral cavity." Cummings was offered a dental appointment and a soft diet, which he refused. *Id.*

Cummings testified that he was glad he chose to have his teeth pulled and was much happier following the procedure. Doc. No. 14-3 at 14 ("A. Yeah. I know. They were in bad shape. I am glad I had them pulled. Q: So you choose (sic) to have all of your teeth pulled? A: Yeah. Q: And you are much happier now that you have – A: Yes. Q: And you have less pain now that your teeth are gone? A: Yes."). Since the procedure, he has not had bleeding gums.[4] *Id.* at 19-20.

---

[4] In his resistance, Cummings states that "he has now begun to experience cuts and bruises in his mouth to the point that it is hard for him to even chew soft foods." Doc. No. 19-1 at 3. Although the resistance was not filed with the court until July 17, 2017, it was mailed to defendants on June 26, 2017. The above-referenced examination by Nurse Robinson occurred on July 10, 2017. Doc. No. 17-1 at 3-4. Cummings has not supplied any evidence to support his new assertion. Thus, it is not sufficient to create a genuine issue of material fact.

Cummings feels that he needs dentures "to eat." Doc. No. 14-3 at 10. He struggles to eat celery, carrots and radishes. He states "it would be kind of nice to bite into a sandwich and bite through the sandwich instead of squirting everything out the other end." *Id.* He has modified his eating. For example, he testified that rather than biting into a sandwich, he can tear a chunk off and that this works for him. He believes that he would have difficulty chewing a hamburger and would need to cut it into smaller bites. *Id.* at 11. Eating popcorn with salt causes his gums to sting, but this issue has been resolved by rinsing his mouth. *Id.* at 13. He does not have pain when he eats. *Id.* at 13. He was offered a soft diet, but he refused it. *Id.* at 14-15. He believes he gets enough calories during the day. *Id.* at 15. Regarding speech without dentures, He believes that he catches himself "slurring [his] words a little bit," but no one has commented to him that his speech is unclear. *Id.* at 10.

Cummings receives an allowance at CCUSO of $20 every two weeks for "working in treatment." Doc. No. 14-3 at 7. This allowance can be saved and can be used to buy hygienic products, clothes, snacks and other goods. *Id.* at 8-10. If he were to pay for his own dentures, it would have to come out of this allowance.[5] *Id.*

### IV. *SUMMARY JUDGMENT STANDARDS*

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[5] Cummings complains that CCUSO will not allow him to purchase dentures on a payment plan. Doc. No. 19-1. However, he cites no authority for the proposition that denying patients the option of a payment plan for medical services that do not constitute a serious medical necessity is a constitutional violation. If Cummings is unable to demonstrate that defendants' failure to provide dentures constitutes deliberate indifference to a serious medical need, the availability or unavailability of a payment plan is irrelevant.

5

the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id.* Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id.* "An issue of material fact is genuine if it has a real basis in the record," *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or "when 'a reasonable jury could return a verdict for the nonmoving party' on the question," *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine. Put another way, "'[e]vidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)). The parties "may not merely point to unsupported self-serving allegations." *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008).

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (quotations omitted). The party moving for entry of summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving

party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. *Id*. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

To determine whether a genuine issue of material fact exists, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id*. However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (citing *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996)). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick*, 90 F.3d at 1377.

## V.    ANALYSIS

Defendants argue that they are entitled to summary judgment because Cummings has failed to present evidence supporting his claim that their failure to provide dentures constitutes deliberate indifference to a serious medical need. Alternatively, defendants argue they are entitled to various immunities.

Cummings argues that defendants' failure to provide dentures violates his due process rights under the Fourteenth Amendment because that failure constitutes deliberate indifference to a serious medical need. *See Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014) (citing *Senty-Haugen v. Goodno*, 462 F.3d 876, 889-90 (8th Cir. 2006) ("[W]here

7

a [civilly committed] patient's Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth Amendment.")). Under the deliberate indifference standard, Cummings "must show both that (1) the deprivation alleged was objectively serious; and (2) the [state] official was deliberately indifferent to the inmate's health or safety." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); *see also Langford v. Norris*, 614 F.3d 445, 459-60 (8th Cir. 2010) (citing *Gordon ex rel. Gordon v. Frank,* 454 F.3d 858, 862 (8th Cir. 2006) and *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005)); *Nelson v Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (quoting *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)) ("To prove deliberate indifference, an inmate must make a two-part showing: 'The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a sufficiently culpable state of mind.'").

Cummings must demonstrate that defendants "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). This showing requires a "mental state akin to criminal recklessness: disregarding known risk to the inmate's health." *Gordon ex rel. Gordon*, 454 F.3d at 862. This requirement necessarily implies that negligent failure to diagnose and negligent treatment are insufficient to support a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *see also Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.").

The Southern District of Iowa has stated:

> A lack of dentures can rise to an objectively serious medical need. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (concluding that

> inmate's allegations of bleeding, headaches, "disfigurement," and inability to chew food without dentures demonstrated a serious medical need); *Beem v. Davis*, 289 Fed. Appx. 305, 307 (10th Cir. 2008) (delay in receiving dentures did not exacerbate inmate's temporal mandibular jaw condition because inmate was "put on a special diet and was able to eat liquefied foods."). However, dental needs, like other medical conditions, range from uncomplicated to threatening.

*Campbell v. Dunham*, 4:07-cv-00567-JAJ, 2010 WL 7361158, at * 5 (S.D. Iowa Oct. 27, 2010). Thus, whether the denial of dentures violates an inmate's (or a patient's) constitutional rights is a question of degree of need. A patient who is "eligible" for dentures or who would prefer dentures to a soft-food diet does not necessarily have a serious medical need for dentures.

The Eighth Circuit has reviewed this court's rulings in two prior cases involving requests for dentures by CCUSO patients. In *Curtiss v. Benson*, 583 Fed. App'x 598 (8th Cir. 2014), a civilly-committed patient "who has had no teeth since shortly after his 2008 admission to CCUSO" filed suit again employees at CCUSO, "claim[ing] that he was denied dentures in violation of his rights under the Fourteenth Amendment." *Id.* at 598. The Eighth Circuit held in *Curtiss*, and later in *Mead v. Palmer*, 794 F.3d 932, 937 (8th Cir. 2015), that if a plaintiff is a candidate for dentures, but has no serious medical need for dentures because his or her nutritional needs are met and the plaintiff alleges only discomfort or inconvenience in eating, then there is no serious medical need for dentures.

Cummings' case is substantially similar to Mead's and Curtiss' cases. Cummings has no teeth and is a candidate for dentures. However, there is nothing in the record to establish a serious medical need for dentures. The undisputed facts show that (1) Cummings has received regular dental examinations and dentures have never been

prescribed as medically necessary;[6] (2) he gained weight and received sufficient calories; (3) his discomfort does not rise to the level of pain; (4) he is still able to eat; (5) he does not want a soft diet, even though chewing some foods has become difficult, because he has learned to adapt; and (6) he has no other medical issues which are impacted by his lack of teeth. As a result, and consistent with the holdings in *Curtiss* and *Mead*, there is no constitutional violation here. Defendants are entitled to summary judgment on Cummings' claim that they have been deliberately indifferent to a serious medical need.[7]

## VI. CONCLUSION

For the reasons set forth herein, defendants' motion (Doc. No. 14) for summary judgment is **granted** as to all claims. Because this order disposes of all claims, judgment shall enter against plaintiff and in favor of defendants and the Clerk of Court shall **close this case**.

**IT IS SO ORDERED.**

**DATED** this 30th day of November, 2017.

_____
Leonard T. Strand, Chief Judge

---

[6] In Cummings' resistance, he argues that Dr. DeStigter's opinion is incorrect, citing as evidence, dental records from another CCUSO patient. Doc. No. 19-2. Cummings has put forth no evidence to discredit Dr. DeStigter's opinion as to his own medical need for dentures. Cummings' testimony and the other facts established by defendants' statement of facts are consistent with Dr. DeStigter's opinion that Cummings does not have a serious medical need for dentures.

[7] Because Cummings' deliberate indifference claim fails on its merits, I need not consider defendants' alternative arguments.